J. Grace Felipe (SBN: 190893)
felipeg@cmtlaw.com
Tamar Gabriel (SBN: 266860)
gabrielt@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
COLLECTO, INC. d/b/a
EOS CCA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA ROGERS, <br><br> Plaintiff, <br><br> vs. <br><br> EOS CCA <br><br> Defendant. | CASE NO. **'15CV658  GPC BGS** <br><br> NOTICE OF REMOVAL |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant COLLECTO, INC. d/b/a EOS CCA hereby files this notice of removal under 28 U.S.C. §1446(a).

///

{00030105;1}

1

# INTRODUCTION

1. Defendant is COLLECTO, INC. d/b/a EOS CCA ("Defendant"); Plaintiff is WANDA ROGERS ("Plaintiff").

2. Upon information and belief, Plaintiff initially filed this case on January 30, 2015 in the Superior Court of California, County of San Diego, Small Claims Court, Case No. 37-2015-00319289-SC-SC-CTL. A true and correct copy of Plaintiff's Claim and Order to go to Small Claims Court is attached hereto as Exhibit "A."

3. On February 23, 2015, the Claim and Order to go to Small Claims Court was initially served on the California Secretary of State. When service has been made upon the Secretary of State rather than Defendant's agent for service of process, service is deemed complete on the 10th day after delivery of the process to the Secretary of State. See California *Corporations Code* Section 1702(a). Thus, the date that service was deemed complete was March 5, 2015 (10 days after February 23, 2015).

4. As service was deemed complete on March 5, 2015, Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b), and as extended via FRCP 6. See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1966).

///

///

## A. BASIS FOR REMOVAL

5. Removal is proper because Plaintiff's Claim involves a federal question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff alleged that Defendant "failed to notify consumer of my right to dispute and obtain verification of my debt, and to obtain the name of the original creditor. 809. Validation of debts (15 USC 1692g) and Rosenthal Fair Debt Collection Practices Act." (¶ 3 of Exhibit "A"). Therefore, Plaintiff's claims arise under the FDCPA and this is an action in which this Court has original jurisdiction under 28 U.S.C. § 1331. Thus, Plaintiff's claim may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a). This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

7. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## B. JURY DEMAND

8. Plaintiff demands a jury in the state court action. Defendant also demands a jury trial.

## C.  CONCLUSION

9. Defendant respectfully requests removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

DATED:  March 24, 2015            CARLSON & MESSER LLP


                                  By: /s/ Tamar Gabriel
                                     J. Grace Felipe
                                     Tamar Gabriel
                                     Attorneys for Defendant,
                                     COLLECTO, INC. d/b/a EOS CCA