UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA ROGERS,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>COLLECTO, INC. d/b/a EOS CCA,<br><br>　　　　　　　　　Defendant. | CASE NO. 15cv00658-WQH-JLB<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss and Request for Order Awarding Monetary Sanctions filed by Defendant Collecto, Inc. d/b/a EOS CCA. (ECF No. 3) and the Request for Judicial Notice filed by Defendant Collecto, Inc. d/b/a EOS CCA. (ECF No. 4)

**I. Background**

On February 13, 2014, Plaintiff Wanda Rogers, proceeding *pro se*, commenced Southern District of California Case Number 14-cv-01003-WQH-JLB against Defendant Collecto, Inc. d/b/a EOS CCA by filing a complaint in San Diego County Superior Court, Small Claims Court, against Defendant Collecto, Inc. ("Collecto"). *See Rogers v. Collecto, Inc.*, No. 14-cv-01003-WQH-JLB (S.D. Cal.) ("*Rogers I*"). The complaint contained a single allegation: "[Defendant] place[d] a negative rating on [my] credit without providing notification [in] writ[ing] allowing for me to dispute." (ECF No. 4-2 at 2). The complaint indicated that this event took place on February 9, 2014. The complaint requested $10,000. On April 21, 2014, Defendant removed the action to this

Court on the basis of federal question jurisdiction. On April 28, 2014, Defendant filed a motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff did not file a response to Defendant's motion to dismiss. On July 11, 2014, the Court granted Defendant's motion to dismiss due to Plaintiff's "failure to file an opposition." *Id.*

On July 21, 2014, Plaintiff, proceeding *pro se*, commenced Southern District of California Case Number 14-cv-2287-WQH-JLB by filing a complaint in San Diego County Superior Court, Small Claims Court, against Defendant. *See Rogers v. EOS CCA*, No. 14-cv-2287-WQH-JLB (S.D. Cal.) ("*Rogers II*"). The Complaint contained a single allegation: "[Defendant] failed to notify consumer of my right to dispute and obtain verification of my debt, and to obtain the name of the original creditor. 809. Validation of debts {15 USC 1692g} and Rosenthal Fair Debt Collection Practices Act." (ECF No. 4-4 at 2). The complaint indicated that this event took place on February 9, 2014. The complaint requested $10,000. On September 26, 2014, Defendant removed the action to this court on the basis of federal question jurisdiction. On October 3, 2014, Defendant filed a motion to dismiss and request for attorneys' fees, accompanied by a request for judicial notice. Like *Rogers I*, Plaintiff did not file a response to Defendant's motion to dismiss. On December 5, 2014, the Court issued an Order granting the motion to dismiss because, like *Rogers I*, Plaintiff failed to file an opposition. *Id*. The Court denied the request for attorneys' fees but cautioned Plaintiff that "repeated filings of cases against Defendant, if Plaintiff's intention of doing so is 'vindictive,' rather than for the proper purpose of prosecuting a case, may be grounds for sanctions." *Id.* at 4 (citing *Fink v. Gomez*, 239 F.3d 989, 992-93 (9th Cir. 2001)).[1]

---

[1] Defendant submitted evidence of a voice message Plaintiff left Defendant's counsel on October 1, 2014, shortly after Defendant removed *Rogers II* to this Court:

> Hi, this is Wanda Rogers. I'm excited about you doing this notice of removal ... I won't respond to anything because it'll have the same outcome and I'll keep doing the same thing and then we'll end up with a different judge at every turn ... So, I'm excited because they (unclear) keep spending
> (continued...)

On January 30, 2015, Plaintiff commenced this action by filing the Complaint in San Diego County Superior Court, Small Claims Court, against Defendant. (ECF No. 1-2 at 2). Like *Rogers I and II*, the Complaint contains a single allegation: "EOS CCA failed to notify consumer of my right to dispute and obtain verification of my debt, and to obtain the name of the original creditor 809 Validation of debts (15USC1692) and Rosenthal Fair Debt Collection Practices Act." *Id.* at 4. Like *Rogers I and II*, the Complaint indicates that the event took place on February 9, 2014, and requests $10,000. On March 24, 2015, Defendant removed the action to this Court on the basis of federal question jurisdiction. (ECF No. 1). On March 31, 2015, Defendant filed the Motion to Dismiss and Request for Order Awarding Monetary Sanctions. (ECF No. 3), accompanied by a request for judicial notice. (ECF No. 4).

On July 17, 2015, this Court held a hearing on the motion to dismiss. Plaintiff and Defendant appeared. Subsequent to the hearing, Plaintiff filed an opposition to the motion to dismiss. Plaintiff states that she has filed in small claims court because she has no resources to hire a lawyer. Plaintiff requests that any dismissal allow her the opportunity to seek legal advice and file according to the court rule. Plaintiff opposes any grant of sanctions. (ECF No. 17).

In reply, Defendant asserts that the this third lawsuit is barred by the doctrine of res judicata; and that this complaint continues to fail to state a claim. (ECF No. 20).

**II. Discussion**

Defendant requests dismissal of the Complaint on the grounds that it is barred by *res judicata* and that it fails to state a claim. Defendant requests attorneys' fees of $3,160 as a sanction against Plaintiff for "continuing to prosecute claims that she knows fail as a matter of law" and prosecuting this action in bad faith. (ECF No. 3-1 at 6). Defendant submits the Declaration of Tamar Gabriel in order to demonstrate Plaintiff's bad faith and

---

[1](...continued)
  their money with you and that's just a wonderful thing. So, I'm excited...
ECF No. 4-4 at 4.

the amount of attorneys' fees incurred in defending this matter.

### A. Request for Judicial Notice

"A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (quotation omitted). See Rule 201 Federal Rules of Evidence.

Defendant's Request for Judicial Notice includes documents from small claims court and prior orders issued by this court. The Court finds that judicial notice is appropriate.

### B. Motion to Dismiss

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In this case, the prior order of this Court dismissing *Rogers I* and *Rogers II* were not entered pursuant to Rule 41 and do not operate as an adjudication on the merits.

The Complaint contains a single allegation: "EOS CCA failed to notify consumer of my right to dispute and obtain verification of my debt, and to obtain the name of the original creditor 809 Validation of debts (15USC1692) and Rosenthal Fair Debt Collection Practices Act." *Id.* at 4. In order to state a claim, Plaintiff must allege facts that could plausible support the claim. *See* Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Complaint in this case fails to state a claim.

### C. Request for Monetary Sanctions

Defendant moves for attorneys' fees and costs as a sanction pursuant to the Court's inherent authority, 28 U.S.C. section 1927, and 15 U.S.C. section 1692k(a)(3). Defendant contends that Plaintiff is prosecuting this action in bad faith after failing to

prosecute her prior two lawsuits. Defendant contends that Plaintiff's October 1, 2014 voice mail evinces Plaintiff's bad faith and intent to harass by repeatedly filing duplicative cases.

"[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . . ." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975) and *Hutto v. Finney*, 437 U.S. 678, 689 (1978)) (internal quotations omitted). In the Ninth Circuit, "conduct must constitute or be tantamount to bad faith" for inherent power sanctions to be imposed. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Bad faith includes a "broad range of willful improper conduct." *Id.* at 992.

28 U.S.C. section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under section 1927 requires "a finding of recklessness or bad faith." *Gomez v. Vernon*, 255 F.3d 1118, 1134-35 (9th Cir. 2001) (citing 28 U.S.C. § 1927). Recklessness suffices for frivolous filings and arguments, while intent to harass is required for non-frivolous filings. *In re Girardi*, 611 F.3d at 1061. "Section 1927 sanctions may be imposed upon a pro se plaintiff...." *Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

15 U.S.C. section 1692k(a)(3) provides: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).

The Court declines to impose sanctions at this stage of the proceedings pursuant to 28 U.S.C. section 1927, 15 U.S.C. section 1692k(a)(3), and the Court's inherent powers.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is granted and Request for Order Awarding Monetary Sanctions is denied. (ECF No. 3). The Clerk of the Court shall close the case.

DATED: January 13, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge